**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**OSMAN MENDOZA,**
                       **Plaintiff,**

**-vs-**                               **Case No. 6:08-cv-00001-Orl-28GJK**

**SOUTHERN HERITAGE CONSTRUCTION**
**CORP. AND HERB FLACK,**
                       **Defendants.**
_____

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT**

    This cause came on for consideration without oral argument on the following motions:

| | |
|---|---|
| **MOTION:** | **PLAINTIFF'S MOTION FOR ENTRY OF FINAL DEFAULT JUDGMENT (Doc. No. 14)** |
| **FILED:** | **May 23, 2008** |
| **THEREON** it is **RECOMMENDED** that the **MOTION** be **DENIED.** | |

| | |
|---|---|
| **MOTION:** | **DEFENDANTS' MOTION TO SET ASIDE CLERK'S DEFAULT (Doc. No. 15)** |
| **FILED:** | **June 12, 2008** |
| **THEREON** it is **RECOMMENDED** that the **MOTION** be **GRANTED.** | |

    On January 2, 2008, Osman Mendoza ("Plaintiff") instituted this action by filing a complaint ("Complaint") against Southern Heritage Construction Corp. and Herb Flack ("Defendants") alleging violations of the Fair Labor Standards Act ("FLSA"). Doc. No. 1. On January 16, 2008, Defendants

were served with the Complaint. Doc. Nos. 8, 9. On April 30, 2008, Plaintiff filed a Motion for Entry of Clerk's Default. Doc. No. 10. On May 1, 2008, the Clerk entered Default against the Defendants. Doc. No. 11. On May 23, 2008, Plaintiff filed a Motion for Entry of Final Default Judgment ("Motion for DJ"). Doc. No. 14. On June 12, 2008, Defendants filed a Motion to Set Aside Clerk's Default ("Motion to Set Aside"). Doc. No. 15. On June 16, 2008, Plaintiff responded in opposition ("Opposition") to Defendants' Motion to Set Aside. Doc. No. 16.

Pursuant to Federal Rule of Civil Procedure 55(c), the Court may set aside a default for good cause. Fed. R. Civ. P. 55(c) (2008). Defendants maintain that after receiving the Complaint, "the Defendant's reviewed the allegations, and believed that they were completely without merit, and set the matter aside without calendaring for review or answer." Doc. No. 15 at 1. The Complaint was misplaced and Defendants did not receive any further notice in regard to the Plaintiff's case until receiving Plaintiff's Motion for DJ. *Id.* Attached to the Defendants' Motion to Set Aside is an affidavit of Defendant Herb Flack. Doc. No. 15-2. Herb Flack states in his affidavit that he did not "willfully disregard the judicial process", and his delay was due to inadvertence and unfamiliarity with the legal process. *Id.* The Eleventh Circuit has explained that the "good cause" standard under Rule 55(c) is a liberal one. *Hinson v. Webster Indus.,* 240 F.R.D. 687, 690 (M.D. Ala. 2007) (citing *Compania Interamericana Export-Import, S.A. v. Compania Dominicana de Aviacion,* 88 F.3d 948, 951 (11th Cir.1996)). The Defendants have shown good cause for their failure to timely respond to the Plaintiff's Complaint.

Therefore, it is **RECOMMENDED** that:

1. Plaintiff's Motion for Entry of Final Default Judgment [Docket No. 14] be **DENIED**;
2. Defendant's Motion to Set Aside Clerk's Default [Docket No. 15] be **GRANTED**; and
3. the Clerk should be directed to set aside the Clerk's Entry of Default.

Failure to file written objections to the proposed findings and recommendations contained in

this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

      Recommended in Orlando, Florida on July 1, 2008.

Copies furnished to:
The Honorable John Antoon II
Counsel of Record
Unrepresented Party

                                      GREGORY J. KELLY
                        UNITED STATES MAGISTRATE JUDGE