**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

OSMAN MENDOZA,

                Plaintiff,

-vs-                                           Case No. 6:08-cv-00001-Orl-28GJK

SOUTHERN HERITAGE CONSTRUCTION
CORP. AND HERB FLACK,

                Defendants.
_____

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT**

    This cause came on for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **MOTION TO STRIKE PLAINTIFF'S PLEADINGS AS A SHAM, AS A FRAUD ON THE COURT, AND REQUEST FOR EVIDENTIARY HEARING (Doc. No. 65)** |
| **FILED:** | **June 25, 2009** |
| **THEREON** it is **RECOMMENDED** that the **MOTION** be **DENIED.** | |

**I.    BACKGROUND**

    On January 2, 2008, Osman Mendoza ("Plaintiff") instituted this action by filing a complaint ("Complaint") against Southern Heritage Construction Corp. and Herb Flack ("Defendants") alleging violations of the Fair Labor Standards Act ("FLSA"). Doc. No. 1 (as amended at Doc. Nos. 32 and 37). On October 7, 2009, Plaintiff filed his answers to court interrogatories ("Answers to Interrogatories") wherein he claimed he was owed $12,030.00 for

overtime compensation and $12,030.00 in liquidated damages. Doc. No. 24-2. Plaintiff stated: "Accounting of claim is based on estimates/averages. Plaintiff reserves the right to amend answers to court interrogatories." *Id.* at 2. On May 8, 2009, Plaintiff filed amended answers to court interrogatories ("Amended Answers to Interrogatories") wherein he claimed to be owed the substantially lesser amount of $546.00 for overtime compensation and $546.00 in liquidated damages. Doc. No. 42.

On June 25, 2009, Defendants filed a Motion to Strike Plaintiff's Pleadings as a Sham, as a Fraud on the Court, and Request for Evidentiary Hearing (the "Motion"). Doc. No. 65. Due to the substantial difference between the Answers to Interrogatories and Amended Answers to Interrogatories, Defendants argue that Plaintiff's "reckless disregard for the facts and misrepresentations to the tribunal and adversaries has resulted in unnecessary litigation." *Id.* at 7. Defendants rely on the Court's inherent powers and 28 U.S.C. § 1927. *Id.* at 6. Defendants state: "Such a brazen substitution of facts demonstrates The Pantas Law Firms' lack of vetting of the issues, its client, the quality of the case, or the amount involved." *Id.* Thus, Defendants request that the Court exercise its inherent powers and strike the Plaintiff's Complaint, grant an evidentiary hearing, and grant the Defendants their attorneys' fees and costs incurred in this action. *Id.* at 5.

On July 6, 2009, Plaintiff filed a response in opposition to the Motion (the "Response"). Doc. No. 67. Plaintiff maintains that the Motion should be denied because "fails to place Plaintiff or the Court on notice of the Rule or Statute upon which the Motion is grounded." Id. Plaintiff argues that the Motion of devoid of evidentiary support. Plaintiff states: "The mere fact that Plaintiff has offered varying calculations regarding the amount of his damages is not enough for the Court to conclude that his claims are wholly without merit, fraudulent, frivolous, or that

2

the undersigned or his Firm failed to 'properly investigate the facts prior to filing suit.'" *Id.* at 2.

## II. LAW & ANALYSIS

"The district court possesses the inherent power to police its docket." *Collins v. Lake Helen, L.P.*, 249 Fed. Appx. 116, 120 (11th Cir. 2007) (citing *Link v. Wabash Railroad Co.*, 370 U.S. 626, 629-30 (1962)). "The sanctions imposed can range from a simple reprimand to an order dismissing the action with or without prejudice." *Id.* (quoting *Mingo v. Sugar Cane Growers Co-op. of Fla.*, 864 F.2d 101, 102 (11th Cir. 1989)).

Section 1927 of 28 U.S.C. provides as follows:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorney's fees reasonably incurred because of such conduct.

28 U.S.C. § 1927. The word "vexatious" is not defined in the statute. In such circumstances, courts typically read statutory terms to convey their ordinary meaning. *See Buckhannon Bd. & Care Home, Inc. v. West Virginia Dep't of Health & Human Servs.*, 532 U.S. 598 (2001) (relying on definition of "prevailing party" in Black's Law Dictionary).

Black's Law Dictionary defines the term "vexatious" to mean "without reasonable or probable cause or excuse; harassing; annoying." Black's Law Dictionary 1559 (7th ed. 1999). It further defines "vexatious suit" to mean a "lawsuit instituted maliciously and without good cause." *Id.* Standard English-language dictionaries give the term similar meaning. *See, e.g.*, Webster's Third New International Dictionary 2548 (3d ed. 1961) (defining "vexatious" to mean "lacking justification and intended to harass"); 19 Oxford English Dictionary 596 (2d ed. 1989) (defining "vexatious" for legal purposes as "[i]nstituted without sufficient grounds for the purpose of causing trouble or annoyance to the defendant").

There is little case law in the United States Court of Appeals for the Eleventh Circuit articulating the standard applicable to an award of attorney's fees under Section 1927. *Peterson v. BMI Refractories*, 124 F.3d 1386, 1395 (11th Cir. 1997). Moreover, decisions from other circuits are not in agreement on the governing principles. Some circuits have held that subjective bad faith is required for an award under Section 1927. *S. Oliveri v. Thompson*, 803 F.2d 1265, 1273 (2d Cir. 1986); *Hackman v. Valley Fair*, 932 F.2d 239, 242 (3d Cir. 1991). Other circuits have held that it is not. *See Wilson-Simmons v. Lake County Sheriff's Dep't*, 207 F.3d 818, 824 (6th Cir. 2000); *Miera v. Dairyland Ins. Co.*, 143 F.3d 1337, 1342 (10th Cir. 1998).

While the Eleventh Circuit has not specifically required a finding of subjective bad faith, it has stated that Section 1927 allows district courts to assess attorney's fees against counsel and law firms who willfully abuse the judicial process by "conduct *tantamount* to bad faith." *Avirgan v. Hull*, 932 F.2d 1572, 1582 (11th Cir. 1991) (emphasis added); *Roadway Express Inc. v. Piper*, 447 U.S. 752 (1980). Additionally, the Eleventh Circuit has agreed with the Ninth Circuit that "[a] finding of bad faith is warranted where an attorney knowingly or recklessly raises a frivolous argument." *Barnes v. Dalton*, 158 F.3d 1212, 1214 (11th Cir. 1998) (quoting *Primus Automotive Fin. Servs., Inc. v. Batarse*, 115 F.3d 644, 649 (9th Cir. 1997)). The Eleventh Circuit has also warned that "[w]hen it becomes apparent that discoverable evidence will not bear out the claim, the litigant and his attorney have a duty to discontinue their quest." *Avirgan*, 932 F.2d at 1582.

The purpose of Section 1927 is to deter frivolous litigation and abusive practices by attorneys and to ensure that those who create unnecessary costs bear them. *O'Rear v. American Family Life Assurance Co. of Columbus, Inc.*, 144 F.R.D. 410, 413 (M.D. Fla. 1992). Section 1927 "does not distinguish between winners and losers, or between plaintiffs and defendants. . . .

It is concerned only with limiting the abuse of court processes." *Roadway Express*, 447 U.S. at 762.

In the present case, Plaintiff amended his Answers to Interrogatories to more accurately reflect the alleged damages in this case. Under those circumstances, it is recommended that the Court not find that Plaintiff's counsel willfully abused the judicial process by "conduct tantamount to bad faith", or that Plaintiff's counsel knowingly or recklessly raised a frivolous claim. *Avirgan*, 932 F.2d at 1582; *Barnes*, 158 F.3d at 1214. Accordingly, it is recommended that the Motion be **DENIED**.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on September 25, 2009.

Copies furnished to:
The Honorable John Antoon II
Counsel of Record
Unrepresented Party

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE