# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**OSMAN MENDOZA,**
                    **Plaintiff,**

**-vs-**                                            **Case No. 6:08-cv-001-Orl-28GJK**

**SOUTHERN HERITAGE CONSTRUCTION**
**CORP. AND HERB FLACK,**
                    **Defendants.**
_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **PLAINTIFF'S MOTION FOR ENTRY OF FINAL DEFAULT JUDGMENT AGAINST ALL DEFENDANTS (Doc. No. 94)** |
| **FILED:** | **March 24, 2010** |
| | **THEREON** it is **RECOMMENDED** that the **MOTION** be **GRANTED in part** and **DENIED in part.** |

## I. BACKGROUND

On January 2, 2008, Osman Mendoza ("Plaintiff") instituted this action by filing a complaint (as amended at Doc. No. 37, herein the "Complaint") against Southern Heritage Construction Corp. ("Southern Heritage"), Woodmaster, Inc. ("Woodmaster") and Herb Flack (collectively, the "Defendants") alleging violations of the Fair Labor Standards Act ("FLSA"). Doc. No. 1. On February 2, 2009, the Defendants filed an Answer ("Answer") to the Complaint. Doc. No. 38.

On August 5, 2009, Defendants' counsel moved to withdraw ("Motion to Withdraw") as counsel of record. Doc. No. 68. On September 1, 2009, the Court denied the Motion to Withdraw without prejudice, noting that pursuant to Local Rule 2.03, a corporation may not proceed in this Court without counsel. Doc. No. 74. The Court provided the corporate Defendants, Southern Heritage and Woodmaster, until September 18, 2009, to obtain new counsel and stated that the failure to obtain new counsel would result in the entry of default against them. *Id.* On September 21, 2009, Defendants' counsel filed a renewed motion to withdraw as counsel ("Renewed Motion"). Doc. No. 76. On September 23, 2009, the Court granted the Renewed Motion and directed the Clerk to strike the Answer with respect to Southern Heritage and Woodmaster and enter default against them. Doc. No. 77. The Court stated that Herb Flack may proceed *pro se*. *Id.* On September 24, 2009, the Clerk entered default against Southern Heritage and Woodmaster. Doc. No. 78.

On October 28, 2009, Plaintiff sought a Court order directing Herb Flack to comply with the Case Management and Scheduling Order (Doc. Nos. 29, 75) ("Motion to Compel"), wherein Plaintiff indicated that Herb Flack was not responding to various correspondence from Plaintiff. Doc. No. 83. On November 12, 2009, the Court granted the Motion to Compel. Doc. No. 84. On January 29, 2010, Plaintiff filed a motion for sanctions ("Motion for Sanctions") against Herb Flack for his failure to comply with this Court's Order. Doc. No. 91. On February 1, 2010, following no response or effort to defend his case, Judge Antoon II entered an Order granting the Motion for Sanctions, striking Herb Flack's Answer and directing the Clerk to enter a default against him. Doc. No. 92.

On March 24, 2010, Plaintiff filed a Motion for Entry of Final Default Judgment Against All Defendants (the "Motion"). Doc. No. 94. The Motion seeks a judgment against Defendants for $12,030.00 in unpaid overtime compensation, $12,030.00 in liquidated damages, $6,809.50 in attorney's fees, and $1,045.30 in costs. Doc. No. 94 at 11. The Defendant failed to file any opposition to the Motion.

## II. THE LAW

In *Schmidlin v. Apex Mortgage Services, LLC*, No. 8:07-cv-2149-T-30MSS, 2008 WL 976158 at *1 (M.D. Fla. April 9, 2008), the court held:

> By failing to answer the complaint, Defendant admits that it employed Plaintiff during the relevant time period. *See Cotton v. Mass. Mut. Life Ins. Co.*, 402 F. 3d 1267, 1278 (11th Cir. 2005) (stating "a defaulted defendant is deemed to admit the plaintiff's well-pleaded allegations of fact."). Defendant also admits that it was an employer and was required to comply with the FLSA. *See Id*. Additionally, Defendant admits that it failed to pay overtime compensation as required by the FLSA and that its conduct was willful. *See Id*. Accordingly, by failing to respond to the complaint, Defendant is liable to Plaintiff for the overtime compensation owed to Plaintiff for his work.

*Id*. A plaintiff may establish the necessary amount of damages by affidavit. *See* Rule 55(b), F.R.C.P. (2007). Additionally, an employer who willfully violates the provisions of the FLSA is liable for an equal amount of liquidated damages as well as reasonable attorneys' fees and costs. 29 U.S.C. § 216(b) (2007).

## III. APPLICATION

### A. Wages

In his affidavit, Plaintiff states that he was employed by Southern Heritage from August 2006 to September 24, 2007. Doc. No. 94-1. Pursuant to 29 U.S.C. § 207(a)(1), Plaintiff was

entitled to be paid one and one-half times his regular rate of pay for all hours worked in excess of forty (40) hours during a work week. *Id.*[1] Plaintiff states that from August 2006 to September 24, 2007, he worked ten (10) hours of overtime per week, and Defendant only paid him for forty (40) hours. *Id.* More specifically, from August 2006 through October 2006, Southern Heritage paid him $13.00 per hour for 40 hours. *Id.* Plaintiff states he worked 10 hours of overtime per week for 10 weeks, totaling 100 hours of overtime. *Id.* at 2. Plaintiff states he is owed $19.50 per hour ($13.00 x 1.5) for 100 overtime hours, totaling $1,950.00. *Id.* at 2. From November 2006 through September 24, 2007, Defendant paid him $14.00 per hour for 40 hours. *Id.* Plaintiff states he worked 10 hours of overtime per week for 48 weeks, totaling 480 hours of overtime. *Id.* Plaintiff states he is owed $21.00 per hour ($14.00 x 1.5) for 480 overtime hours, totaling $10,080.00. *Id.* Accordingly, Plaintiff states he is owed a total of $12,030.00 ($1,950.00 + $10,080.00) in unpaid overtime wages. *Id.*

Plaintiff also seeks liquidated damages in the equal amount of $12,030.00. Doc. No. 94 at 11. Pursuant to 29 U.S.C. § 216(b), the Defendant is liable for liquidated damages which equals the same amount as the unpaid overtime compensation. *Schmidlin*, 2008 WL 976158 at *2. Therefore, Plaintiff's total damage calculation for unpaid overtime owed is $24,060.00. *Id*. at ¶ 13.

---

[1] Section 207(a)(1) states:
> Except as otherwise provided in this section, no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce for a workweek longer than forty hours unless such employee receives compensations for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.

29 U.S.C. § 207(a)(1).

### B.     Attorneys' Fees

The Act mandates that in any action brought by an employee to enforce Sections 206 or 207 of the Act, the Court shall "<u>in addition to</u> any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b) (emphasis added). In support of the Motion, counsel for Plaintiff filed an affidavit attesting that the total attorneys' fees equal $6,809.50. Doc. No. 94-2.[2] Plaintiff's counsel attaches a time sheet (Doc. No. 94-3) to his affidavit.[3]

In *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983), the Supreme Court stated that "the most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." This amount, commonly referred to as the lodestar, is then adjusted to reflect the "results obtained." *Id*. at 434. In determining the lodestar, a reasonable hourly rate is based on the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience and reputation. *Gains v. Dougherty Co. Bd. of Educ.*, 775 F.2d 1565, 1571 (11th Cir. 1985).

"The [fee] applicant bears the burden of producing satisfactory evidence that the requested rate is in line with prevailing market rates." *Norman v. Housing Authority of City of Montgomery*, 836 F. 2d 1292, 1299 (11th Cir. 1988). Counsel's affidavit alone is generally not a sufficient basis for determining whether the fees and costs incurred are reasonable.

---

[2] Plaintiff's counsel, K.E. Pantas, states that he spent 13.4 hours of time on the case at a rate of $300.00 per hour, L. Todd Budgen spent .50 hours of time on the case at a rate of $300.00 per hour, Scott Adams spent 4.30 hours on the case at a rate of $250.00 per hour, Jon Rankin spent 3.50 hours on the case at a rate of $105.00 per hour, and Becki Rodak and Judy Cane, counsel's paralegals, spent 3.30 and 9.30 hours of time respectively on the case at a rate of $95.00 per hour. *Id*. Doc. No. 94-2 at 3.

[3] The time sheet itemizes the time spent by attorneys Pantas, Budgen and Adams and paralegals Rankin, Cane, and Rodak, identifying the person who performed each service and the date each service was performed. Doc. No. 94-3.

> Satisfactory evidence at a minimum is more than the affidavit of the attorney performing the work. . . . **[S]atisfactory evidence necessarily must speak to rates actually billed and paid in similar lawsuits.** Testimony that a given fee is reasonable is therefore unsatisfactory evidence of market rate.

*Norman*, 836 F. 2d at 1299 (emphasis added). However, the Court may use its own discretion and expertise to determine the appropriate hourly rate to apply for an attorney's fee award. *See Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994)**;** *Norman*, 836 F. 2d at 1303; *see also Scelta v. Delicatessen Support Servs., Inc.*, 203 F. Supp. 2d 1328, 1331 (M.D. Fla. 2002); *Schmidlin*, 2008 WL 976158 at *3.

Counsel filed a detailed time sheet showing the total amount of time spent on the case and the individual who performed each task. That information is summarized below:

| Attorney / Paralegal | Hours Expended | Hourly Rate | Fees |
|---|---|---|---|
| K.E. Pantas | 13.4 | $300.00 | $4,020.00 |
| L. Todd Budgen | .5 | $300.00 | $ 150.00 |
| Scott Adams | 4.30 | $250.00 | $1,075.00 |
| Jon Rankin | 3.50 | $105.00 | $ 367.50 |
| Becki Rodak | 3.30 | $ 95.00 | $ 313.50 |
| Judy Cane | 9.30 | $ 95.00 | $ 883.50 |
| **TOTAL** | **22.65** | | **$6,809.50** |

Doc. No. 94-2. After reviewing the time sheet, the undersigned recommends that the amount of time expended on the case was reasonable.

Plaintiff's counsel, K.E. Pantas, seeks a rate of $300.00 per hour for his services. Doc. No. 94-2. This Court has previously awarded Mr. Pantas an hourly rate of $300.00 per hour. *Conklin v. G&H Pest Control, Inc.*, No. 6:08-cv-1486-Orl-35GJK (M.D. Fla. May 6, 2009). Thus, it is recommended that the Court find the rate requested for Mr. Pantas is reasonable. Scott Adams seeks a rate of $250.00 per hour for his services. Doc. No. 94-2. The Court has previously awarded Mr. Adams an hourly rate of $250.00 per hour. *Gray v. Golden Bear Day*

*School, Inc.*, No. 6:08-cv-3-Orl-31KRS (M.D. Fla. Nov. 4, 2008). Thus, it is recommended that the Court find the rate requested for Mr. Adams is reasonable.

The Motion does not provide any authority for Mr. Budgen's hourly rate of $300.00. Doc. No. 94-2. The Court has previously awarded Mr. Budgen an hourly rate of $275.00 per hour. *Perez v. Sandford-Orlando Kennel Club, Inc*., No. 6:05-cv-269-Orl-28KRS (M.D. Fla. Aug. 14, 2009). Accordingly, it is recommended that the Court find an hourly rate of $275.00 is reasonable for Mr. Budgen and that he be compensated $137.50 ($275 x 0.50), rather than $150.00.

Paralegal Jon D. Rankin has previously been awarded an hourly rate of $105.00 per hour. *Perez*, No. 6:05-cv-269-Orl-28JGG. The remaining paralegals, Becki Rodak and Judy Cane, seek $95.00 per hour, which this Court has found is a reasonable rate for paralegal services. *Mavis Coes v. World Wide Revival, Inc., et al.*, Case No. 6:05-cv-563-Orl-DAB (M.D. Fla. Nov. 7, 2007). Accordingly, the total attorneys' fee award is $6,797.00 ($4,020.00 + $1,075.00 + $137.50 + $367.50 + $313.50 + $883.50).

**C. Costs**

Rule 54(d), Federal Rules of Civil Procedure, provides that costs other than attorneys' fees "should be allowed to the prevailing party" unless a federal statutes, the federal rules, or a court order provides otherwise. *Id*. In awarding costs, the Court is bound by the limitations set forth in 28 U.S.C. §§ 1821 and 1920 unless a statute or contract specifically authorizes taxation for such costs. Plaintiff seeks costs in the amount of $1,045.30 for the filing fee ($350.00), costs of service of process ($110.00), deposition fees ($306.90) and witness mileage fee ($278.40). Doc. No. 94-2. The filing fee, costs of service of process, and deposition fees are allowable under the statutes to the extent reasonable. *See* 28 U.S.C. § 1920; *U.S. E.E.O.C. v. W&O, Inc.*,

213 F.3d 600, 620-21 (11th Cir. 2000). Plaintiff seeks $278.40 for a witness mileage fee. Doc. No. 94-2 at 3. Attached to the Motion are three receipts for a "Witness/Mileage Fee", one for $95.00, one for $96.10 and one for $87.30, which totals $278.40. These fees are also allowable under the statutes. *See Butler v. Wright*, No. 8:06-cv-165-T-17TBM, 2010 WL 599387, at *8 (M.D. Fla. Feb. 16, 2010). Thus, the undersigned recommends that the total costs sought ($1,045.30) are reasonable.

## IV. CONCLUSION

Therefore, it is RECOMMENDED that:

1. Plaintiff's Motion (Doc. No. 94) be GRANTED in part and DENIED in part;

2. The Court enter judgment for Plaintiff and against the Defendant in the following amounts:

    a. $12,030.00 in unpaid overtime compensation;

    b. $12,030.00 in liquidated damages for unpaid overtime compensation;

    c. $6,797.00 in attorneys' fees;

    d. $1,045.30; and

3. The Court direct the Clerk to close the case.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on May 25, 2010.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
The Honorable John Antoon II
Counsel of Record
Unrepresented Party